IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIO HERRERA, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-11-4106 |
| BANK OF AMERICA, N.A., | § § | |
| Defendant. | § § | |

**ORDER**

The plaintiffs, Julio Herrera and Bertha Mahecha, sued the Bank of America in state court alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). The defendant removed the case on the basis of this court's federal question jurisdiction. The plaintiffs move to remand (Docket Entry No. 6). For the following reasons, the motion is denied.

The plaintiffs contend that because 15 U.S.C. § 1681 gives them the right to bring an FCRA action in state court, there must be a concomitant right to keep that action in state court. The cases and reasoning on which the plaintiffs rely have been rejected in the Fifth Circuit. *See Rhea v. Anresco, Inc.,* 871 F.Supp. 283, 284 (N.D. Tex.1994) (holding that FCRA actions are removable, and noting that Fifth Circuit has rejected *Griffin v. Hooper–Holmes Bur., Inc.* 413 F.Supp. 107 (M.D. Fla.1976), and *Ruth v. Westinghouse Credit Co.,* 373 F.Supp. 468 (W.D. Okla.1974)). The fact that a statute permits an action to be maintained in state as well as federal court does not deprive the federal court of jurisdiction. Instead, it confers on the parties an option to litigate the case in state court if the plaintiff opts to file the case there and if the defendant fails to exercise its right of

removal. In the present case, the defendant timely invoked its removal right. The motion to remand is therefore denied.

      SIGNED on February 14, 2012, at Houston, Texas.

                                                _____
                                                      Lee H. Rosenthal
                                          United States District Judge